IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | *    Crim. Case No.: SAG-04-0004 |
| | * |
| **TYRELL FIELDS,** | * |
| | * |
| **Defendant.** | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

On February 6, 2020, Tyrell Fields filed a motion, pursuant to 28 U.S.C. § 2255, seeking resentencing in light of the Supreme Court's ruling in *United States v. Davis*, ___ U.S. ___, 139 S.Ct. 2319 (2019). ECF 259. Fields was convicted of and sentenced for a violation of 18 U.S.C. § 924(c), specifically "carrying and discharging firearms during and in relation to a drug trafficking crime." ECF 131. That statute also prohibits possessing, using, or carrying a firearm "during and in relation to" any federal "crime of violence." 18 U.S.C. § 924(c)(1)(A). The law sets forth two definitions of "crime of violence" in § 924(c)(3), and a definition of a "drug trafficking crime" in section 924(c)(2). One of the two clauses in § 924(c)(3), supplying the definitions of "crime of violence," is commonly referred to as the "residual clause."

In *Davis*, the Supreme Court found the residual clause of § 924(c)(3) to be unconstitutionally vague. *Id.* at 2336. The ruling in *Davis* did not impact the definition of a drug trafficking crime contained in § 924(c)(2). Because Fields's § 924(c) conviction was predicated on a drug trafficking crime, and not a crime of violence, it was not impacted by *Davis*. Fields is accordingly not entitled to the relief he seeks.

Fields correctly notes that the Government's brief, responding to his motion, was not filed by the original deadline. ECF 280. However, the Government filed a motion explaining its

untimeliness, ECF 276, and the Court permitted a belated filing. ECF 277. Even if the Government's filing had been precluded, however, the Court would have had no legal basis to grant Fields his requested resentencing, for the reasons described above.

A petitioner is only allowed to appeal the lower court's decision if a certificate of appealability ("COA") is issued. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet that standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted). Because Fields has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA. Fields remains free to seek a COA from the Fourth Circuit.

For the reasons described above, Mr. Fields's motion, ECF 259, is DENIED.


DATED: August 13, 2020                             /s/
                                          Stephanie A. Gallagher
                                          United States District Judge